IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF<br>RICHARD RUDOLPH McGUIRE,<br>               Debtor. | )<br>)<br>) | Chapter 7<br>Case No. 10-30527<br>Honorable Jack B. Schmetterer |
| | )<br>) | |
| EUGENE CRANE, not individually, but<br>solely as Trustee of the Chapter 7<br>bankruptcy estate of Richard Rudolph<br>McGuire, | )<br>)<br>)<br>) | |
| | ) | |
|          Plaintiff, | )<br>) | $A$ |
| v. | ) | Adversary No. 10-02167 |
| | ) | |
| RICHARD RUDOLPH McGUIRE,<br>JASMINE MONIQUE McGUIRE,<br>JESSICA McGUIRE, and<br>RICHARD CARL McGUIRE, | )<br>)<br>)<br>) | |
| | ) | |
|         Defendants. | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER TRIAL ON PLAINTIFF'S (TRUSTEE) COMPLAINT TO AVOID FRAUDULENT TRANSFER

Debtor (Defendant) was the owner of a single family home at 10287 Smith Road, Union Pier, Michigan. On March 18, 2009, Debtor executed a quit claim deed transferring that property to his three (3) children, Jessica McGuire, Jasmine Monique McGuire and Richard Carl McGuire. The Trustee filed a Complaint to avoid the transfer and Defendants filed answers to the Complaint and a trial of the issues was commenced and concluded on February 24, 2011.

## FINDINGS OF FACT

1.      Defendants Jasmine Monique McGuire, Jessica McGuire and Richard Carl McGuire were served with the Complaint and other orders of court, have filed answers herein.

2.      Debtor/Defendant conveyed the real estate located at 10287 Smith Road, Union Pier, Michigan by deed dated March 12, 1009, recorded March 18, 2009, to this three (3) children.

3.      Debtor/Defendant was paid a total of $5,023.00 for and at or around the time of transfer ($3.00 cash, filing fee of $20.00 for the deed, and an alleged payment of Debtor's bills for $5,000.00 within a few months of transfer).

4.      The real estate at 10287 Smith Road, Union Pier, Michigan was appraised in November 2010 at a value of $572,000.00.

5.      The property was worth more than $5,023.00 and the Debtor admitted that he had listed it for sale a year or two prior to the transfer for $900,000.00 and that the property had an equity value in excess of the $5,023.00.

6.      The Debtor stated at the meeting of creditors and again at trial that the purpose of the transfer was a gift to his children.

7.      Debtor's sworn bankruptcy schedules in the instant case and in a prior case (09-45149) listed debts in existence at the time of transfer in excess of $1,139,624.00. Debtor testified that those debts were in existence prior to the transfer and remain unpaid.

8.      Debtor admitted in testimony that the value stated for the real estate on Schedule "A" of his bankruptcy schedules was in error and that the property had a value greater than the amount stated.

9.      No other or further consideration was paid to the Debtor for the transfer of the real estate.

## CONCLUSIONS OF LAW

1.      This court has jurisdiction over the Debtor, Richard Rudolph McGuire and Defendants, Jessica McGuire, Jasmine Monique McGuire and Richard Carl McGuire pursuant to 28 U.S.C. Section 1334(b) and (d) and has been referred to this Court pursuant to 28 U.S.C. Section 257(a) and Bankruptcy Rule 7001.

2.      The Debtor transferred the property to his children within two (2) years of the filing of the bankruptcy.

3.      The Trustee has met the burden of proof under 11 U.S.C. Section 548(a)(1)(B)(i) and (ii)(I) of the Bankruptcy Code.

4.      The Trustee did not establish that the transfer should be avoided pursuant to 11 U.S.C. Section 548(a)(1)(A).

5.      The transfer of 10287 Smith Road from Debtor to his three (3) children was made for less than a reasonably equivalent value and Debtor was insolvent or rendered insolvent as a result of such transfer.

6.      Trustee's Complaint to avoid the transfer of the real estate will be granted.

Enter:

Jack B. Schmetterer
U. S. Bankruptcy Judge

Dated this _____ day of
March, 2011